UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL LYNN JOHNSON,

        Petitioner,        Case No. 13-13080

v.        Honorable George Caram Steeh
        Honorable Laurie J. Michelson

STEVE RIVARD,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION
TO HOLD HIS HABEAS PETITION IN ABEYANCE AND
CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

On July 18, 2013, petitioner Darryl Lynn Johnson filed a pro se habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold the habeas petition in abeyance. The habeas petition challenges petitioner's Wayne County convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon, Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Petitioner was sentenced as a habitual offender to concurrent terms of thirty to fifty years in prison for the assault, twenty to forty years in prison for being a felon in possession of a firearm, and fifteen to thirty years in prison for carrying a concealed weapon. He received a consecutive sentence of two years in prison for the felony firearm conviction. The Michigan Court of Appeals denied petitioner's delayed application for leave to appeal, and on July 24, 2012, the Michigan Supreme Court denied leave to appeal because it was not

persuaded to review the issues. See People v. Johnson, 492 Mich. 855; 817 N.W.2d 83 (2012) (table).

Petitioner argues in his habeas corpus petition that the trial court deprived him of his constitutional right to present a defense by refusing to instruct the jury on self defense. Petitioner states that he exhausted state remedies for this claim, but he wishes to present the Court with a new claim that his trial attorney was ineffective for failing to properly raise his claim of self defense. This new claim has not been raised in the state courts. Consequently, petitioner wants the Court to hold his habeas petition in abeyance while he exhausts state remedies for his claim about trial counsel.

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state court before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 844-45 (1999); Nali v. Phillips, 681 F.3d 837, 851 (6th Cir.), cert. denied, __ U.S. __, 133 S. Ct. 535 (2012). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. at 845, 847. This means that a habeas petitioner must present each issue to the state court of appeals and to the state supreme court. Wagner v. Smith, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner concedes that he did not exhaust state remedies for his ineffective-assistance-of-counsel claim. Although federal district courts ordinarily must dismiss a habeas petition containing any claims that have not been exhausted in the state courts, Rose v. Lundy, 455 U.S. 509, 510 (1982), a dismissal of this case could preclude future

consideration of petitioner's claims due to the expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d). In similar circumstances, some courts have adopted a "stay-and-abeyance" approach. Rhines v. Weber, 544 U.S. 269, 275 (2005). Under this approach, rather than dismissing a case for failure to exhaust state remedies, a court stays the federal proceedings and holds the habeas petition in abeyance while the inmate pursues state remedies for his or her unexhausted claims. Id. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. Id. at 275-76.

It is not an abuse of discretion to stay a "mixed" petition of exhausted and unexhausted claims "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. In those circumstances, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." Id.

Petitioner has not explained why he failed to raise his claim about trial counsel on direct appeal, but the unexhausted claim is not plainly meritless, and petitioner does not appear to be engaged in intentionally dilatory litigation tactics. Consequently, petitioner's motion to hold his habeas petition in abeyance (Doc. 3) is **GRANTED**.

Petitioner shall have **fifty-six days (56)** from the date of this order to file a motion for relief from judgment under Michigan Court Rule 6.502 in the state trial court. If he is unsuccessful in the trial court and on appeal from the trial court's decision, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case,

using the same case number that appears on this order.  An amended petition and motion to re-open this case should be filed within **fifty-six (56) days** of exhausting state remedies.

The Court orders the Clerk of the Court to close this case for administrative purposes.  Nothing in this order shall be construed as an adjudication of petitioner's claims.

Dated:  October 8, 2013

<div style="margin-left:40%">
s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE
</div>

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 8, 2013, by electronic and/or ordinary mail and also on Darryl Johnson #561762, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke  
Deputy Clerk