UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL L. JOHNSON, #561762,

        Petitioner,

                                    Case No. 13-13080

v.                                    Hon. George Caram Steeh

STEVE RIVARD,

        Respondent.
_____/

## ORDER ADDRESSING PETITIONER'S LETTERS
## (Dkt. Nos. 9 and 10), DIRECTING PETITIONER TO INFORM
## THE COURT HOW HE WANTS TO PROCEED, AND
## DIRECTING PETITIONER TO KEEP THE CLERK OF
## THE COURT NOTIFIED OF ANY CHANGES IN HIS ADDRESS

On July 18, 2013, petitioner Darryl L. Johnson commenced this case by filing a pro se habeas corpus petition challenging his Michigan convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon, Mich. Comp. Laws § 750.227, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. See Pet. for Writ of Habeas Corpus, pp. 1-2 (Dkt. #1, Page ID 1-2). Petitioner stated in his petition that he was sentenced to two years in prison for the felony-firearm conviction, followed by concurrent

prison terms of thirty to fifty years for the assault conviction, twenty to forty years for the felon-in-possession conviction, and fifteen to thirty years for the concealed weapon conviction.  Id., p. 2 (Dkt. #1, Page ID 2).

Petitioner's sole ground for habeas relief was that the trial court deprived him of his constitutional right to present a defense by refusing to instruct the jury on self-defense.  Id.  Petitioner stated that he raised this claim in an appeal of right and in an application for leave to appeal in the Michigan Supreme Court.  Id.

In a motion filed on the same day as the habeas petition, petitioner stated that he wished to pursue additional state-court remedies for a new claim about his trial attorney's failure to properly raise a claim of self-defense.  He asked the Court to stay his federal case and to hold his habeas petition in abeyance while he filed a motion for relief from judgment in state court.  See Mot. to Hold Habeas Pet. in Abeyance, pp. 1-2 (Dkt. #3, Page ID 18-19).

On October 8, 2013, the Court granted petitioner's motion to hold his petition in abeyance and closed this case for administrative purposes.  See Order Granting Pet'r's Mot. to Hold Pet. in Abeyance and Closing Case (Dkt. #8).  The Court stated in its order that petitioner would have fifty-six days from the date of the Court's order to file a motion for relief from

judgment in state court. The Court also directed petitioner to file an amended petition and a motion to re-open this case within fifty-six days of exhausting state remedies if he was unsuccessful in state court. Id., pp. 3-4 (Dkt. #8, Page ID 52-53).

The Court heard nothing further from petitioner until August 7, 2017, when he filed a letter in this case. The letter appears to have been intended for this Court, but it is addressed to Michigan's Third Judicial Circuit Court Judge Daniel A. Hathaway. See Letter (Dkt. #9, Page ID 54). The letter states that petitioner filed a motion for relief from judgment in state court and that he hoped to file an amended habeas corpus petition and a motion to re-open this case. See id.

An attachment to the letter is a copy of a letter that petitioner addressed to the Clerk of the Third Judicial Circuit Court in Wayne County, Michigan on October 6, 2015. The letter asks the Clerk of that Court whether he or she received petitioner's motion for relief from judgment, which Petitioner sent to that court on September 17, 2015. See id., Attachment 1 (Dkt. #9, Page ID 55).

A second attachment to petitioner's letter to this Court is a copy of petitioner's letter to the Michigan Supreme Court on January 14, 2016. The letter to the Michigan Supreme Court asks about the status of petitioner's

motion for relief from judgment. See id., Attachment 2 (Dkt. #9, Page ID 56).

On August 28, 2017, this Court received a second letter from petitioner. Petitioner states in the letter that he was given fifty-six days to file a motion for relief from judgment in state court and that he filed a timely motion in 2013, 2014, and 2015. See Letter (Dkt. #10, Page ID 58). Although the state court apparently maintains that it never received petitioner's motions, Petitioner alleges that he has proof of service of the motions. Petitioner ends his letter to the Court by stating that he is trying to file an amended habeas corpus petition and a motion to re-open this case. He has asked the Court to respond to his letter. Id.

An attachment to the letter filed in this Court on August 28, 2017, is an excerpt of the state trial court's docket for petitioner's criminal case. It shows that petitioner filed a motion for relief from judgment in the state trial court on September 22, 2015. See id. (Dkt. #10, Page ID 60).

The Court has found a more recent version of the state trial court's docket, which indicates that the trial court denied petitioner's motion for relief from judgment on October 6, 2016. See People v. Darryl Lenn Johnson, Wayne Cty. Cir. Ct. Case No. 10-009715-01-FC, at http://www.3rdcc.org. The Court has no found no record of an appeal from

the state trial court's decision on petitioner's motion for relief from judgment, and although petitioner states in his letters that he would like the Court to respond to his letters, he has not said what he wants the Court to do about this case.

Accordingly, the Court orders petitioner to inform the Court in writing within **thirty (30) days** of the date of this order how he wants to proceed. If he wants to continue pursuing state-court remedies, the Court will continue to hold his petition in abeyance. On the other hand, if Petitioner wants the Court to re-open this case and adjudicate any claims for which he has exhausted state remedies, he should file an amended petition for the writ of habeas corpus and a motion to re-open this case, using the case name and number shown in the caption above.

In closing, the Court would like to point out that petitioner was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan when he filed his petition, but that he is currently confined at the Alger Correctional Facility, N6141 Industrial Park Drive, Munising, Michigan 49862. Petitioner is required to keep the Clerk of the Court informed of any changes in his address. Consequently, when he responds to this order, he should also write to the Clerk of the Court and notify the Clerk of his change of address. If petitioner does not keep the Clerk of the Court

notified of changes in his address, it is possible that future mailings will not reach him.

                                         s/George Caram Steeh
                                         HONORABLE GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

Dated: April 18, 2018

---

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon attorneys of record on April 18, 2018, by electronic and/or ordinary mail and also on Darryl Johnson #561762, Alger Correctional Facility, N6141 Industrial Park Drive, Munising, MI 49862.

s/Barbara Radke
Deputy Clerk